UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DENNIS GALLIPEAU,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Civ. Action No. 15-0697 (ABJ) |
| | ) |
| **BUREAU OF PRISONS** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM OPINION

Plaintiff, a former federal prisoner, initiated this action *pro se* in May 2015 while at a halfway house in Columbia, South Carolina. In the "Complaint for Injunctive Relief," plaintiff seeks an order compelling the Bureau of Prisons (BOP) to produce x-rays taken of his teeth in August 2008, when he first entered BOP's custody, and to provide the x-rays to a local dentist "in order to identify all teeth damaged while in [BOP's] custody and to pay for the repair of all teeth that can be repaired, and to repair or replace plaintiff's two front teeth." Compl. at 2.

On July 27, 2015, BOP moved to dismiss or to transfer the case to the United States District Court for the District of South Carolina, ECF No. 10. Three days later, on July 30, 2015, plaintiff was released from BOP's custody. *See* www.bop.gov (Inmate Locator). Since "a prisoner's . . . release from [] prison moots any claim he might have for equitable relief arising out of the conditions of his confinement[,]" *Scott v. District of Columbia*, 139 F.3d 940, 941 (D.C. Cir. 1998), the Court agrees that the complaint for injunctive relief is moot. *See* Def.'s Mem. of P. & A. at 10-11.

1

In opposing defendant's motion, plaintiff contends that his teeth were damaged while in BOP's custody, that BOP had a duty to repair the damage, and that BOP breached that duty when it failed to fix his teeth while he was in custody.  *See* Pl.'s Resp. to Def.'s Mot. to Dismiss or Transfer, ECF No. 12, at 3.  Plaintiff invokes the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, while maintaining his demand for "only injunctive relief."  Pl.'s Resp. at 1.

The FTCA provides a limited waiver of the sovereign's immunity from suit "*for money damages* . . . for personal injury . . . caused by the negligent . . . act or omission of any employee of the Government while acting within the scope of his office or employment[.]"  28 U.S.C. § 1346(b)(1) (emphasis added).  Even if, as the complaint suggests, plaintiff is seeking money damages to cover the costs of repairing his teeth, the Court lacks jurisdiction over that claim because plaintiff does not refute defendant's evidence showing that he has not exhausted his administrative remedies under the FTCA pursuant to 28 U.S.C. § 2675(a).  *See* Decl. of Grzegorz Bitner, ECF No. 14-1; Decl. of Carolyn Lanphear, ECF No. 10-1.  Plaintiff acknowledges that he "must first file a claim directly to [the] agency," and he states that "he has two years within which to do so."  Pl.'s Resp. at 1-2.  Plaintiff also contends, without citing any authority, that "[t]here is nothing preventing this Court from granting . . . relief prior to full exhaustion under the FTCA."  *Id*. at 2.  But the FTCA's exhaustion requirement is "jurisdictional," and "in this posture, the court could no more rule in favor of [plaintiff] than against [him]."  *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007).  Consequently, the purported FTCA claim is hereby dismissed without prejudice.  *See id.* at 372; *Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted

FTCA claim for lack of subject matter jurisdiction). A separate order accompanies this Memorandum Opinion.

AMY BERMAN JACKSON
United States District Judge

Date:  November 16, 2015